UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOE H. BANDY, III,

    Plaintiff,

v.

COMMISSIONER OF CORRECTION,
McDONALD WILL, JEFF PETERSON,
CRAIG OSELAND, GALLO RICK,
BETH VIRDIN, THANE MURPHY, and
CORRY VARGASON,

    Defendants.

Civil No. 13-2209 (JRT/LIB)

**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is a civilly committed detainee at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He was civilly committed after serving a prison sentence for criminal sexual conduct. See In re Commitment of Bandy, No. A11-901 (Minn.App. 2011), 2011 WL 5026399 (unpublished opinion).

It appears that Plaintiff was still on supervised release status when he arrived at MSOP, and before his supervised release status expired, he apparently became involved

in a physical altercation with another MSOP detainee. Because of that altercation, Plaintiff was accused of violating the terms and conditions of his supervised release from prison. A hearing on the matter was conducted by the Hearing and Release Unit of the Minnesota Department of Corrections, and Plaintiff was found guilty. As a result, Plaintiff's supervised release was revoked, and he was returned to prison for 210 days. As far as the Court can tell, Plaintiff has completed the 210-day prison term resulting from the revocation of his supervised release, and he is currently back at MSOP once again.[1]

Plaintiff is now attempting to sue several individuals who allegedly were involved in the proceedings that caused his supervised release to be revoked. He claims that these individuals violated his federal constitutional rights during the course of the revocation proceedings. Some of the named Defendants allegedly gave false evidence to support the accusations against Plaintiff, and other Defendants allegedly were involved in the determination of Plaintiff's guilt, or the denial of his subsequent administrative appeals. The gist of Plaintiff's claims against all of the Defendants is that they violated his federal constitutional rights during the revocation proceedings, and thereby caused him to be wrongly returned to prison.

Plaintiff is seeking a judgment against Defendants under the federal civil rights statute, 42 U.S.C. § 1983. He is requesting a declaratory judgment, which would confirm that Defendants violated his constitutional rights during the course of the supervised release revocation proceedings. He is also requesting compensatory and punitive

---

[1] Plaintiff's current complaint does not provide a complete explanation of the history of his confinement in prison and at MSOP, but the gaps in the present narrative are filled by the record in a previous habeas corpus action that Plaintiff filed several months ago – Bandy v. State of Minnesota, Civil No. 13-204 (JRT/LIB).

2

damages as redress for his allegedly wrongful return to prison.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff has failed to state a viable § 1983 cause of action, because his claims are barred by the Supreme Court's decision in Heck v. Humphey, 512 U.S. 477 (1994).

In Heck, the Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted) (emphasis added).

Even when a plaintiff demands only money damages, he cannot bring a civil action (other than a habeas corpus action) that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [prior state court] action in an authorized state tribunal or a federal habeas corpus court, even if the

3

claim is for damages rather than earlier release").

The Court recognizes, of course, that Plaintiff is not <u>directly</u> challenging a state criminal conviction or sentence, and he is presently confined pursuant to a civil commitment order, not a criminal conviction or sentence. It is readily apparent, however, that a judgment in Plaintiff's favor in this case would cast doubt on the legality of his supervised release revocation and his consequent return to prison. <u>A judgment upholding Plaintiff's current civil rights claims would necessarily imply that he was wrongly imprisoned following the revocation of his supervised release</u>. Therefore, Plaintiff's civil rights claims are barred by <u>Heck</u>.

The Court also recognizes that Plaintiff has now completed the 210-day prison term that resulted from the revocation of his supervised release, and a judgment upholding his current claims cannot "undo" his prior incarceration. However, the fact that Plaintiff is not currently imprisoned does not alter <u>Heck</u>'s applicability; he still cannot bring civil rights claims that would, if vindicated, cast doubt on the legality of his previous confinement. <u>See Entzi v. Redmann</u>, 485 F.3d 998, 1003 (8th Cir. 2007) ("'the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated'"), <u>cert</u> <u>denied</u>, 552 U.S. 1285 (2008), quoting <u>Heck</u>, 512 U.S. at 490 n. 10; <u>see also</u> <u>Abdullah v. Minnesota</u>, 261 Fed.Appx. 926, 927, (8th Cir. 2008), (claimant's "inability to obtain habeas relief does not preclude application of <u>Heck</u>").[2]

---

[2] Other federal circuit courts have held that, at least under some circumstances, <u>Heck</u> may not be applicable when a civil rights claimant is effectively challenging a prison sentence that he is no longer serving. <u>See</u> <u>e.g.</u>, <u>Wilson v. Johnson,</u> 535 F.3d 262, 267 (4th Cir. 2008). However, this Court obviously must follow the Eighth Circuit's ruling in <u>Entzi</u> –

Again, the Court finds that a judgment upholding Plaintiff's present civil rights claims would necessarily cast doubt on the validity of his imprisonment following the revocation of his supervised release. Therefore, Plaintiff's civil rights claims are barred by Heck. Those claims must be dismissed, although they must be dismissed without prejudice. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (action barred by Heck should be dismissed without prejudice).[3]

Finally, it appears that Plaintiff is attempting to bring not only federal civil rights claims, but also claims based on state common law tort theories, e.g., negligence and malicious prosecution. If Plaintiff had pleaded an actionable federal civil rights claim, then his state law claims could perhaps be entertained under the federal supplemental jurisdiction statute – 28 U.S.C. § 1367. However, the absence of an actionable federal

---

i.e., even if a claimant is no longer in custody, Heck still bars a claim that effectively challenges the legality of some prior term of confinement. See Clark v. McLean County, No. 1:08-cv-75 (D.N.D. 2008), 2008 WL 5236036 at *10 ("there is a split in the federal circuit courts in terms of whether the bar imposed by Heck's 'favorable termination rule' applies when a person is not in custody and habeas relief is no longer available," but a district court within the Eighth Circuit is bound to follow Entzi).

[3] Plaintiff's civil rights claims are to be dismissed without prejudice so that he will be able to reassert those claims in a future lawsuit, if he ever secures a judgment, in a proper forum, that invalidates the revocation of his supervised release. If Plaintiff were still in prison, he might be able to seek such a judgment by means of a federal habeas corpus petition brought under 28 U.S.C. § 2254. (In fact, Plaintiff did pursue such relief in a previous habeas case in this District, but that case was summarily dismissed, because he did not first exhaust his available state court remedies. See Bandy v. State of Minnesota, Civil No. 13-204 (JRT/LIB).) As of now, however, Plaintiff can no longer challenge his revocation proceedings in a federal habeas corpus action, because he is no longer "in custody" as a result of those proceedings. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (a "habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed") (citing 28 U.S.C. § 2254(a)). Therefore, as a practical matter, Plaintiff will not be able to pursue his current civil rights claims, unless the prior revocation of his supervised is somehow invalidated by means of some state court process.

claim effectively precludes a federal court from exercising supplemental jurisdiction over any possible state law claims. See Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 819 (8th Cir.) ("[t]he Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), cert. denied, 543 U.S. 810 (2004), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); see also Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir.) ("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'"), cert. denied, 531 U.S. 1013 (2000), quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990).

In this case, (as in most cases), a federal district court would not be the most suitable forum for adjudicating state law claims. See Condor Corp., 912 F.2d at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible"). Therefore, supplemental jurisdiction should not be exercised in this case, and the Court recommends that any state law claims that Plaintiff might be attempting to bring should be dismissed without prejudice.

### III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having determined that this action must be dismissed, the Court will further recommend that Plaintiff's pending IFP application be denied as moot.

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: September 20, 2013

                                          s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 4, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.