UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOE H. BANDY, III, | No. 13-cv-2209 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF CORRECTION, McDONALD WILL, JEFF PETERSON, CRAIG OSELAND, GALLO RICK, BETH VIRDIN, THANE MURPHY, and CORRY VARGASON, | |
| Defendants. | |

This matter came before the undersigned United States Magistrate Judge upon Defendant McDonald's[1] Motion to Dismiss, [Docket No. 10]; upon Defendant Murphy's Motion to Dismiss, [Docket No. 38]; and upon Plaintiff's Motion for Partial Voluntary Dismissal, [Docket No. 56]. The Motions have been referred to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons set forth below, the Court recommends that Plaintiff's Motion for Partial Voluntary Dismissal, [Docket No. 56], be **GRANTED**; that Defendant McDonald's Motion to Dismiss, [Docket No. 10], be **DENIED as moot**; and that Defendant Murphy's Motion to Dismiss, [Docket No. 28], be **DENIED as moot**.

---

[1] In his Complaint, Plaintiff identifies this Defendant as "McDonald Will," (Compl. [Docket No. 1], at caption, at ¶ 7), which is how he is identified on the Docket. However, Plaintiff filled out this Defendant's name as "Will McDonald" on his U.S. Marshals Service form. (Summons Returned Executed [Docket No. 9], at 19). Additionally, this Defendant, in his own written submissions to the Court, uses the name "Will McDonald." (See, e.g. Def. McDonald's Mot. Dismiss [Docket No. 10]). Accordingly, the Court refers to this Defendant as "Will McDonald."

1

**I.     BACKGROUND**

Plaintiff is a civilly committed detainee at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota.  He was civilly committed after serving a prison sentence for criminal sexual conduct.  See In re Commitment of Bandy, No. A11-901 (Minn.App. 2011), 2011 WL 5026399 (unpublished opinion).

It appears that Plaintiff was still on supervised release status when he arrived at MSOP, and before his supervised release status expired, he apparently became involved in a physical altercation with another MSOP detainee.  Because of that altercation, Plaintiff was accused of violating the terms and conditions of his supervised release from prison.  A hearing on the matter was conducted by the Hearing and Release Unit of the Minnesota Department of Corrections, and Plaintiff was found guilty.  As a result, Plaintiff's supervised release was revoked, and he was returned to prison for 210 days.  As far as the Court can tell, Plaintiff has completed the 210-day prison term resulting from the revocation of his supervised release, and he is currently back at MSOP once again.

On August 5, 2013, Plaintiff initiated the present action by filing his Complaint,[2] [Docket No. 1], which names as defendants several individuals who allegedly were involved in the proceedings that caused his supervised release to be revoked.  He claims that these individuals violated his federal constitutional rights during the course of the revocation proceedings.  Some of the named Defendants allegedly gave false evidence to support the accusations against Plaintiff, and other Defendants allegedly were involved in the determination of Plaintiff's guilt, or the denial of his subsequent administrative appeals.  The gist of Plaintiff's

---

[2] On that same day, Plaintiff also filed his Application to Proceed *In Forma Pauperis* ("IFP"), [Docket No. 2], which was granted by the District Court, the Hon. John R. Tunheim presiding, on January 2, 2014, (Mem. Op. & Order [Docket No. 7]).

claims against all of the Defendants is that they violated his federal constitutional rights during the revocation proceedings, and thereby caused him to be wrongly returned to prison.

Plaintiff is seeking a judgment against Defendants under the federal civil rights statute, 42 U.S.C. § 1983. He is requesting a declaratory judgment, which would confirm that Defendants violated his constitutional rights during the course of the supervised release revocation proceedings. He is also requesting compensatory and punitive damages as redress for his allegedly wrongful return to prison.

To date, three Defendants have moved to dismiss: Defendant McDonald, [Docket No. 10]; Defendant Rick Gallo,[3] [Docket No. 15]; and Defendant Murphy, [Docket No. 38]. Additionally, Defendants Commissioner of Corrections Tom Roy ("Defendant Roy"), Craig Oseland ("Defendant Oseland"), and Jeffrey Peterson ("Defendant Peterson") have filed an Answer. [Docket No. 24]. Defendant Beth Verdin ("Defendant Verdin") has not been served. (See Summons Returned Unexecuted [Docket No. 9], at 2; see also Mem. Supp. Def. Murphy's Mot. Dismiss [Docket No. 40], at 1, n.2 ("At this time, Defendant Beth Verdin has yet to be served.")). The remaining Defendant, Corry Vargason ("Defendant Vargason"), has not answered; he was served with the summons and complaint, however, the U.S. Marshals Service form as to Defendant Vargason is identifies him as a "(Witness) Not a Defendant." (Summons Returned Executed [Docket No. 9], at 1 (parenthetical in original)).[4]

---

[3] In his Complaint, Plaintiff identifies this Defendant as "Gallo Rick," (Compl. [Docket No. 1], at caption, at ¶ 8), which is how he is identified on the Docket. However, Plaintiff filled out this Defendant's name as "Rick Gallo" on his U.S. Marshals Service form. (Summons Returned Executed [Docket No. 9], at 18). Additionally, this Defendant, in his own written submissions to the Court, identifies Plaintiff's initial error and represents that his name is "Richard Gallo." (See, e.g. Def. Gallo's Mem. Supp. Mot. Dismiss [Docket No. 17], at 2 ("Bandy has included, as a party defendant, Assistant State Public Defender Richard Gallo, who he refers to as Gallo Rick.")). Accordingly, the Court refers to this Defendant as "Richard Gallo."

[4] This is consistent with Plaintiff's Proposed Amended Complaint, which refers to Defendant Vargason as "~~Defendant~~ Witness Corry Vargason." (See, e.g., Proposed Am. Compl. [Docket No. 47-1], at ¶ 29 (strikethrough in original)).

## II.  PLAINTIFF'S MOTION FOR PARTIAL VOLUNTARY DISMISSAL
[Docket No. 56]

On or about April 22, 2014, Plaintiff made his present Motion, [Docket No. 56], by which he seeks to dismiss Defendants Beth Verdin ("Defendant Verdin"), Thane Murphy ("Defendant Murphy"), Will McDonald, ("Defendant McDonald"), and Corry Vargason ("Defendant Vargason").[5]

Reading Plaintiff's Amended Complaint liberally,[6] the Court construes it as a Notice of Voluntary Dismissal, made pursuant to Fed. R. Civ. P. 41.  Additionally, because Defendants Verdin, Murphy, McDonald, and Vargason have neither answered, nor moved for summary judgment, Plaintiff may voluntarily dismiss these Defendants without an order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

Consequently, the Court recommends that Plaintiff's Motion for Partial Voluntary Dismissal, [Docket No. 56], be **GRANTED**, and that Defendants Beth Verdin, Thane Murphy, Will McDonald, and Corry Vargason be **DISMISSED without prejudice** from this action.


## III.  DEFENDANT McDONALD'S MOTION TO DISMISS, [Docket No. 10]; and DEFENDANT MURPHY'S MOTION TO DISMISS, [Docket No. 38].

Plaintiff is entitled to dismiss Defendants McDonald and Murphy without an Order of the

---

[5] Plaintiff previously moved to amend his complaint to, *inter alia*, dismiss Defendant Vargason from this action. (See Mot. Am. Compl. [Docket No. 47] ("**Plaintiff Joe Henry Bandy III**, amends his complaint in the following: Remove Corry Vargason from the original complaint")).

Plaintiff does not name Defendant Vargason in the title of his Motion as one of the Defendants whom he seeks to dismiss. (See Pl.'s Mot. Partial Voluntary Dismissal [Docket No. 56], at title ("**Motion:** and notice of motion to removing [sic] without prejudice defendants **Verdin**[,] **Murphy**[,] **and McDonald.**").  However, the caption of the Motion has Defendant Vargason's name stricken through in the same style as Defendants Verdin, Murphy, and McDonald, and the body of Plaintiff's motion states his intention "to dismiss all defendants with the exception of Roy[,] Peterson[,] Oseland[,] and Gallo from this law suit [sic]."

Consequently, the Court construes Plaintiff's motion as seeking to dismiss Defendants Verdin, Murphy, McDonald, **and** Vargason.

[6] Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

4

Court, pursuant to Fed. R. Civ. P. 41. See Part II, supra. Because the Court has recommended such dismissal, the Court also recommends that Defendant McDonald's Motion to Dismiss, [Docket No. 10], be **DENIED as moot**, and that Defendant Murphy's Motion to Dismiss, [Docket No. 38], also be **DENIED as moot**.

### IV.  BACKGROUND

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Plaintiff's Motion for Partial Voluntary Dismissal, [Docket No. 56], be **GRANTED**, and that Defendants Beth Verdin, Will McDonald, Thane Murphy, and Corry Vargason be **DISMISSED without prejudice**, as set forth above; and

2. That Defendant McDonand's Motion to Dismiss, [Docket No. 10], be **DENIED as moot**, as set forth above; and

3. That Defendant Murphy's Motion to Dismiss, [Docket No. 38], be **DENIED as moot**, as set forth above.

Dated: April 24, 2014                                              s/Leo I. Brisbois
                                                                   LEO I. BRISBOIS
                                                                   United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 8, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service

thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.