UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOE H. BANDY, III, | No. 13-cv-2209 (JRT/LIB) |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| COMMISSIONER OF CORRECTION,<br>McDONALD WILL, JEFF PETERSON,<br>CRAIG OSELAND, GALLO RICK, BETH<br>VERDIN, THANE MURPHY, and CORRY<br>VARGASON, | |
| Defendants. | |

This matter came before the undersigned United States Magistrate Judge upon Defendant Richard Gallo's[1] Motion to Dismiss, [Docket No. 15]; and Plaintiff's Motion to Amend Complaint, [Docket No. 47]. The case has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons outlined below, Plaintiff's Motion to Amend Complaint, [Docket No. 47], is **GRANTED in part** and **DENIED in part**. Additionally, and in light of the Plaintiff's Proposed Amended Complaint, this Court recommends that Defendant Richard Gallo's Motion to Dismiss, [Docket No. 15], be **GRANTED**, and that Plaintiff's claims against Defendant Richard Gallo be **DISMISSED with prejudice**.

---

[1] In some parts of his Complaint, Plaintiff identified this Defendant as "Gallo Rick," (See Compl. [Docket No. 1], at caption, ¶ 23, ¶), which is how he is identified on the Docket. However, in other parts of the Complaint, Plaintiff identified the defendant as "Rick Gallo." (See Id. at ¶ 8). Plaintiff also filled out this Defendant's name as "Rick Gallo" on his U.S. Marshals Service form. (Summons Returned Executed [Docket No. 9], at 18). Additionally, this Defendant, in his own written submissions to the Court, identifies Plaintiff's initial error and represents that his name is "Richard Gallo." (See, e.g. Def. Gallo's Mem. Supp. Mot. Dismiss [Docket No. 17], at 2 ("Bandy has included, as a party defendant, Assistant State Public Defender Richard Gallo, who he refers to as Gallo Rick.")). Accordingly, the Court refers to this Defendant as "Richard Gallo."

1

## I. BACKGROUND

Joe H. Bandy, III ("Plaintiff"), is a civilly committed detainee at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He was civilly committed after serving a prison sentence for criminal sexual conduct. See In re Commitment of Bandy, No. A11-901 (Minn.App. 2011), 2011 WL 5026399 (unpublished opinion).

It appears that Plaintiff was still on supervised release status when he arrived at MSOP, and before his supervised release status expired, he apparently became involved in a physical altercation with another MSOP detainee. Because of that altercation, Plaintiff was accused of violating the terms and conditions of his supervised release from prison. A hearing on the matter was conducted by the Hearing and Release Unit of the Minnesota Department of Corrections (the "DOC"), and Plaintiff was found guilty. As a result, Plaintiff's supervised release was revoked, and he was returned to prison for 210 days. From the record, it appears that Plaintiff has completed the 210-day prison term resulting from the revocation of his supervised release, and he is currently back at MSOP once again.

On August 5, 2013, Plaintiff initiated the present action by filing his Complaint,[2] [Docket No. 1], which names as defendants several individuals who allegedly were involved in the proceedings that caused his supervised release to be revoked. He claims that these individuals violated his federal constitutional rights during the course of the revocation proceedings. Some of the named Defendants allegedly gave false evidence to support the accusations against Plaintiff, and other Defendants allegedly were involved in the determination of Plaintiff's guilt, or the denial of his subsequent administrative appeals. The gist of Plaintiff's claims against all of the Defendants is that they violated his federal constitutional due process

---

[2] On that same day, Plaintiff also filed his Application to Proceed *In Forma Pauperis* ("IFP"), [Docket No. 2], which was granted by the District Court, the Hon. John R. Tunheim presiding, on January 2, 2014, (Mem. Op. & Order [Docket No. 7]).

and equal protection rights during the revocation proceedings, and thereby caused him to be wrongly returned to prison.

Plaintiff is seeking a judgment against Defendants under the federal civil rights statute, 42 U.S.C. § 1983. He is requesting a declaratory judgment, which would confirm that Defendants violated his constitutional rights during the course of the supervised release revocation proceedings. He is also requesting compensatory and punitive damages as redress for his allegedly wrongful return to prison.

On February 24, 2014, Defendant Richard Gallo ("Defendant Gallo") made his Motion to Dismiss. [Docket No. 15]. Subsequently, on February 26, 2014, an Answer was filed on behalf of Defendant Commissioner of Corrections Tim Roy ("Defendant Commissioner Roy"), Defendant Craig Oseland ("Defendant Oseland"), and Defendant Jeffrey Peterson ("Defendant Peterson") (collectively, the "DOC Defendants"). (Answer [Docket No. 24]).

Plaintiff filed no memorandum of law in response to Defendant Gallo's Motion to Dismiss, [Docket No. 15]; rather, on April 1, 2014, he made a Motion to Amend Complaint, [Docket No. 47], and simultaneously, he filed his Proposed Amended Complaint, [Docket No. 47-1]. The DOC Defendants filed their memorandum in opposition to Plaintiff's Motion to Amend Complaint that same day, (DOC Defs.' Resp. [Docket No. 50]); Defendant Gallo filed his memorandum in opposition to Plaintiff's Motion to Amend Complaint on April 16, 2014, (Def. Gallo's Resp. [Docket No. 54]).[3]

On April 22, 2014, Plaintiff made a Motion for Partial Voluntary Dismissal. [Docket No. 56]. That Motion was granted, and the following Defendants were dismissed from this action:

---

[3] Defendant Will McDonald also filed a memorandum in opposition to Plaintiff's Motion to Amend Complaint. (Def. McDonald's Resp. [Docket No. 53]). However, his opposition was rendered moot when Plaintiff voluntarily dismissed him from this case. (Pl.'s Mot. Partial Voluntary Dismissal [Docket No. 56]; Order [Docket No. 62] (granting the motion)).

Beth Verdin, Will McDonald, Thane Murphy, and Corry Vargason. (Order [Docket No. 62] (adopting Report & Recommendation [Docket No. 61])). As a result, the only Defendants[4] remaining in the case are Defendant Gallo, whose Motion to Dismiss, [Docket No. 15], is presently before this Court; and the DOC Defendants.

Because it appears that Plaintiff's Motion to Amend Complaint, [Docket No. 47], was made in part as a response to Defendant Gallo's Motion to Dismiss, [Docket No. 15], the Court considers the Motion to Amend first. See Augustine v. United States, No. 13-cv-1417 (DWF/LIB), 2014 U.S. Dist. LEXIS 35517, at *11-12 (D. Minn. Feb. 20, 2014) (Brisbois, M.J.) ("Eighth Circuit case law provides that courts should consider motions to amend prior to ruling on motions to dismiss" (citing Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 955-56 (8th Cir. 2002)), adopted by 2014 U.S. Dist. LEXIS 33148 (D. Minn. Mar. 14, 2014) (Frank, J.).

## II.  PLAINTIFF'S MOTION TO AMEND COMPLAINT [Docket No. 47]

Plaintiff seeks to amend his Complaint in order to supplement his factual allegations, to withdraw certain claims, to amend certain claims, to assert certain new claims, and to make certain cosmetic edits.

### A. Facts

#### 1. Plaintiff's Complaint

Plaintiff's Complaint, [Docket No. 1], makes the following factual allegations and asserts the following claims against the remaining Defendants:

Plaintiff's claims arise from the aftermath of an altercation that he was involved in at

---

[4] For the remainder of this Order and Report and Recommendation, this Court uses "Defendants" to refer collectively to the four remaining Defendants: Defendant Gallo, Defendant Commissioner Roy, Defendant Oseland, and Defendant Peterson.

MSOP.  (See Compl. [Docket No. 1]).[5]  Plaintiff asserts that he was set upon by another MSOP patient, and that he fought in self-defense, but that an MSOP staff member who witnessed only part of the altercation incorrectly reported that Plaintiff was the instigator.  (Id. at ¶¶ 3-4, ¶ 28).  As a consequence of his involvement in the altercation, Plaintiff's conditional release was revoked, and he was returned to prison for a period of 210 days.  (Id. at ¶ 5, ¶ 10).

Plaintiff asserts that the DOC Defendants were involved in the revocation hearings: Defendant Oseland as the hearing officer, Defendant Peterson as a supervisor of all such hearings statewide, and Defendant Commissioner Roy as the DOC's top administrator.  (Compl. [Docket No. 1], at ¶ 18, ¶¶ 21-22).  With regard to Defendant Oseland, Plaintiff alleges that he "entered false information in the public record," and that this false information resulted in the revocation of Plaintiff's conditional release.  (Id. at ¶ 9, ¶ 32, ¶ 38).  With regard to Defendant Peterson, Plaintiff alleges that he "abused his authority" by failing to accept Plaintiff's appeal, and that he effectively prevented Plaintiff from pursuing alternative avenues of relief by "threatening me to end any further correspondence on this matter."  (Id. at ¶¶ 10-11, ¶¶ 42-44).  With regard to Defendant Commissioner Roy, Plaintiff alleges that he failed to intervene to prevent the revocation of Plaintiff's conditional release.  (Id. at ¶ 35).

Defendant Gallo is a public defender, and was assigned to represent Defendant in his revocation proceedings.  (Compl. [Docket No. 1], at ¶ 8, ¶ 23, ¶ 33).  Plaintiff alleges that Defendant Gallo was negligent in failing to timely advise Plaintiff of his appeal rights and failure to assist Plaintiff with his appeals.  (Id.).

---

[5] Plaintiff's Complaint, itself, contains few details concerning this altercation, other than his repeated assertion that he acted only in self-defense.  (See, e.g., Compl. [Docket No. 1], at ¶¶ 3-4).  Additional details can be found in a petition for habeas corpus, and accompanying exhibits, that Plaintiff previously filed with this Court.  See Bandy v. Minnesota, No. 13-cv-204 (JRT/LIB), Pet. Ex. 1 [Docket No. 1-1], at 4 (identifying the date of the altercation as July 13, 2012).

On the basis of those factual allegations, Plaintiff brings the following civil rights claims alleging violations of his rights to procedural due process, substantive due process, and equal protection, pursuant to 42 U.S.C. § 1983:

- Count 1: Malicious prosecution against Defendant Oseland, in both his official capacity and his individual capacity,[6] (Compl. [Docket No. 1], at ¶¶ 46-47);

- Count 2: Discrimination against Defendant Oseland and Defendant Peterson, in both their official capacities and their individual capacities, (Id. at ¶ 48, ¶¶ 51-52);

- Count 3: False imprisonment[7] against Defendant Oseland and Defendant Peterson, in both their official capacities and their individual capacities,[8] (Id. at ¶¶ 54-56);

- Count 4: Obstructing justice against Defendant Oseland and Defendant Peterson, in both their official capacities and their individual capacities, (Id. at ¶ 57, ¶¶ 60-61); and

- Count 5: Misrepresentation against Defendant Oseland, in both his official capacity and his individual capacity, (Id. at ¶ 62, 65).

---

[6] This claim, itself, does not specify whether it is against Defendant Oseland in his official capacity or his individual capacity; however, the caption states that all Defendants are "sued in their individual and official capacities." (Compl. [Docket No. 1], at 1, Caption).

[7] Plaintiff's Complaint brings a claim for "FALSE ARREST & FALSE IMPRISONMENT." (Compl. [Docket No. 1], at 10, Count 3). "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 388. For purposes of this Order and Report and Recommendation, the Court uses the term "false imprisonment."

[8] This claim, itself, does not specify whether it is against Defendants Oseland and Peterson in their official capacities or their individual capacities; however, the caption states that all Defendants are "sued in their individual and official capacities." (Compl. [Docket No. 1], at 1, Caption).

Additionally, because Plaintiff is proceeding *pro se*, this Court must construe his Complaint liberally,[9] and in doing so, finds that Plaintiff also has alleged a Minnesota state law claim for negligence against Defendant Gallo, in both his official capacity and his individual capacity. (Compl. [Docket No. 1], at ¶ 8, ¶ 33).

Plaintiff seeks declaratory relief, injunctive relief, and damages. (Compl. [Docket No. 1], at ¶¶ 14-15; at Request for Relief ¶¶ 1-9).

### 2. Plaintiff's Proposed Amended Complaint

With respect to his claims against the remaining Defendants, Plaintiff's Proposed Amended Complaint, [Docket No. 47-1], differs from his operative Complaint, [Docket No. 1], in the following ways:

- Withdrawn claims: Plaintiff has withdrawn all official capacity claims. (Proposed Am. Compl. [Docket No. 47-1], at 1, Caption).

- New or amended factual allegations: Plaintiff provides an address for Defendant Gallo at the State Public Defenders Office, (Proposed Am. Compl. [Docket No. 47-1], at ¶ 25);

- Amended claims:

  o Plaintiff restates his negligence claim against Defendant Gallo, which originally read:

    > 33. Defendant **Gallo Rick** in his personal and official capacity was negligent in the execution of his duties as a diligent defender of plaintiff's rights and by him being under oath to abide by the laws and constitution of the State of Minnesota did not inform plaintiff of any appeals rights nor did he file any appeal in [sic] plaintiff's behalf. This negligence did assist this injurious action to Mr. Joe H.

---

[9] Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

7

>  Bandy III and by him not doing no more than go through the motions did make him equally guilty to this crime.

(Compl. [Docket No. 1], at ¶ 33 (emphasis in original). As restated, Plaintiff's proposed amended claim against Defendant Gallo now reads:

>  34. Defendant Gallo Rick in his personal and ~~official~~ capacity negligently protected my full rights. By him being under oath and obligation by the Bar Association to abide by the laws and constitution of the State of Minnesota did encourage mishandling of the process due to Mr. Bandy.

(Proposed Am. Compl. [Docket No. 47-1], at ¶ 35 (strikethrough in original)); and

o Plaintiff restates his malicious prosecution claim against Defendant Oseland, which originally read:

>  46. Plaintiff hereby realigns [sic] and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 44 of this complaint, and necessary to address said violations of Malicious Prosecution, where as I was the victim of an assault and by me using self-defense to ward off my attacker these actors advanced charges that no ordinary tribune would have. There was enough information available where a neutral fact finder would not have allowed plaintiff to be prosecuted as a perpetrator.
>
>  47. Defendants **Thane Murphy Beth Verdin Craig Oseland** and the Parole agent **Will McDonald** did breach a legal duty to have real and actual evidence reviewed and considered pertaining to and in accordance with charging plaintiff and removing his liberty.

(Compl. [Docket No. 1], at ¶¶ 46-47 (emphasis in original). As restated, Plaintiff's proposed amended claim against Defendant Oseland now reads:

48. Plaintiff hereby realigns [sic] and incorporates by reference all of the facts and allegations contained in paragraphs **1 through 48** of this complaint, and necessary to address said violations of Malicious Prosecution, where as I was the victim of an assault but these actors saw fit to charge prosecute and convict me of a crime of self-defense.

49. Defendants [sic] **Craig Oseland** and the Parole agent did breach a legal duty to have real and actual evidence reviewed and considered in accordance with making the decision to remove my liberty.

(Proposed Am. Compl. [Docket No. 47-1], at ¶¶ 48-49 (emphasis in original)).

- o Plaintiff amends his Count 3 false imprisonment claim to include the caption for this claim, and adds the words "willful indifference." However, the Proposed Amended Complaint also omits the text previously contained in Paragraphs 54-56 of his Complaint. (<u>Compare</u> Compl. [Docket No. 1], at ¶¶ 54-56; <u>with</u> Proposed Am. Compl. [Docket No. 47-1], at 11).

- New claims:

  - o Plaintiff generally asserts that his First Amendment rights were violated, (Proposed Am. Compl. [Docket No. 47-1], at ¶ 2);

  - o Pursuant to 42 U.S.C. § 1983, Plaintiff asserts a new Count 4: Abuse of position against Defendant Oseland and Defendant Peterson in their individual capacities, (<u>Id.</u> at ¶¶ 55-57);

  - o Plaintiff's Misrepresentation claim, which previously was Count 5 and previously was asserted only against Defendant Oseland in both his individual capacity and his official capacity, is now numbered as

9

Count 6 and is now asserted against both Defendant Oseland and Defendant Peterson in their individual capacities only, (Id. at ¶ 64, ¶¶ 67-68).

- o Plaintiff adds a new Count 7: Violation of 42 U.S.C. § 1983 Access to court, against Defendant Peterson in his individual capacity, (Id. at ¶ 70); and

- o Plaintiff adds a new Count 7: Violation of 42 U.S.C. § 1983 Due Process, against Defendant Oseland and Defendant Peterson in their individual capacities, (Id. at 72-73).

- Cosmetic edits:

  - o Plaintiff replaces the word "plaintiff" with "I" and "me," (Proposed Am. Compl. [Docket No. 47-1], at ¶ 39]);

  - o Plaintiff edits his request for declaratory relief to make it shorter, (Id. at ¶ 75); and

  - o Various paragraphs and references to paragraphs are renumbered for consistency.

**B. Standard of Review**

Except where amendment is permitted as a matter of course, Fed. R. Civ. P. 15 provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

merits. In the absence of such an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Although "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

### C. Discussion

To the extent that the remaining Defendants oppose Plaintiff's Motion to Amend Complaint, [Docket No. 47], their opposition rests in their belief that such amendment would be futile. (See DOC Defs.' Resp. [Docket No. 50]; Def. Gallo's Resp. [Docket No. 53]). With respect to Plaintiff's proposed new Count 4 Abuse of position claim, this Court agrees that such a claim would be futile, and so the Motion, [Docket No. 47], is **DENIED in part**. With respect to Plaintiff's other proposed amendments, this Court finds that they are permissible, and the Motion, [Docket No. 47], is **GRANTED in part**.

### 1. Count 4: Abuse of power

The DOC Defendants argue that Plaintiff's proposed new Count 4: Abuse of power is futile because "no such cause of action exists under federal law." (DOC Defs.' Resp. [Docket No. 50], at 3).

To bring an actionable 42 U.S.C. § 1983 civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts showing that the named defendants violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The U.S. Supreme Court, in describing the civil rights

11

statute codified at 42 U.S.C. § 1983 has stated that one of the "important purposes" of the statute is "the deterrence of future abuses of power by persons acting under color of state law." Newport v. Fact Concerts, 453 U.S. 247, 268 (1981) (citing Owen v. City of Independence, 445 U.S. 622, 651 (1978)). However, in order to plead a cognizable 42 U.S.C. § 1983 claim against a particular defendant, a plaintiff must describe (a) what, specifically, the defendant allegedly did or failed to do; and, of particular relevance in the presence case, (b) how the defendant's acts or omissions allegedly violated some specific right *protected by the U.S. Constitution*. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001). Plaintiff has provided no authority, and this Court is aware of none, to suggest that "abuse of power," by itself, represents a cause of action under 42 U.S.C. § 1983. Therefore, this Court concludes that the DOC Defendants are correct, and 42 U.S.C. § 1983 does not provide for an independent cause of action based on a generic allegation of "abuse of power."

Consequently, Plaintiff's Motion to Amend Complaint, [Docket No. 47], is **DENIED in part**, as it relates to Plaintiff's proposed amended new Count 4: Abuse of power.

### 2. Other amendments

Defendant Gallo objects to the Motion to Amend, [Docket No. 47], in its entirety, again on the basis of futility. (Def. Gallo's Resp. [Docket No. 53]).[10]

However, the Proposed Amended Complaint asserts no new claims against Defendant Gallo. Additionally, to the extent that the Proposed Amended Complaint would make minor changes to Plaintiff's existing claims against Defendant Gallo, this Court concludes that those changes are not material, and therefore, that this Court can proceed to consider the claim against

---

[10] The DOC Defendants expressly state that they have no opposition to most of Plaintiff's Proposed Amended Complaint, [Docket No. 47-1], and that they only object to his proposed new Count 4: Abuse of power, which this Court addressed in Part II.C.1, supra. (DOC Defs.' Resp. [Docket No. 50], at 2).

Defendant Gallo in Plaintiff's Proposed Amended Complaint, [Docket No. 47-1], in its analysis of Defendant Gallo's Motion to Dismiss, [Docket No. 15].

Consequently, except for Plaintiff's proposed Count 4: Abuse of power, which is addressed in Part II.C.1, supra, Plaintiff's Motion to Amend Complaint, [Docket No. 47], is **GRANTED in part**.[11]

## III. DEFENDANT GALLO'S MOTION TO DISMISS [Docket No. 15][12]

### A. Facts

Plaintiff's factual allegations and claims concerning Defendant Gallo are detailed in Part II.A, supra.

### B. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999). All reasonable inferences must be drawn in favor of the nonmoving party. See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

---

[11] The Plaintiff's Proposed Amended Complaint, [Docket No. 47-1], as limited by this Order, shall serve as the operative complaint hereafter.

[12] Defendant Gallo argues, in part, that Plaintiff's official-capacity claims are barred by the Eleventh Amendment, and therefore, that this Court should dismiss the official-capacity claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Def. Gallo's Mem. [Docket No. 17], at 3-4). However, Plaintiff's Proposed Amended Complaint, [Docket No. 47-1], expressly withdraws all official capacity claims. Consequently, for purposes of the present Motion, [Docket No. 15], this Court only considers Plaintiff's remaining, individual capacity claim against Defendant Gallo.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 556-67. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

C. Discussion

As previously noted in Part II.A.1, supra, this Court construes Plaintiff's claim against Defendant Gallo as a Minnesota state law claim for negligence. However, under Minnesota law, public defenders are immune from malpractice claims brought by their indigent clients. Dziubak v. Mott, 503 N.W.2d 771 (Minn. 1993). Plaintiff's negligence claim against Defendant Gallo is substantially identical to the claim at issue in Dziubak. Therefore, under Minnesota state law, Plaintiff's claim against Defendant Gallo fails as a matter of law.

Consequently, this Court recommends that Defendant Gallo's Motion to Dismiss, [Docket No. 15], be **GRANTED**, and that Plaintiff's claims against Defendant Gallo be **DISMISSED with prejudice**.[13]

---

[13] In the alternative, if this Court were to construe Plaintiff's claim against Defendant Gallo as made pursuant to 42 U.S.C. § 1983, the Court would make the same recommendation, because Plaintiff's claim would still fail as a matter of law.

IV. **CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED**:

1. That Plaintiff's Motion to Amend Complaint, [Docket No. 47], is **GRANTED in part** and **DENIED in part**, as set forth above.

Additionally, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

2. That Defendant Richard Gallo's Motion to Dismiss, [Docket No. 15], be **GRANTED**, as set forth above; and

3. That Plaintiff's claims against Defendant Richard Gallo, identified in the caption as "Gallo Rick," be **DISMISSED** <u>with</u> **prejudice**.

Dated: July 7, 2014                                   s/Leo I. Brisbois
                                                      Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE

---

"Only state actors can be held liable under [42 U.S.C.] § 1983." <u>Youngblood v. Hy-Vee Food Stores</u>, Inc., 266 F.3d 851, 855 (8th Cir. 2001). Thus, Plaintiff's claim against Defendant Gallo, if construed as a 42 U.S.C. § 1983 claim, can only succeed if Defendant Gallo is a "state actor." However, "[t]he Supreme Court has held that public defenders *are not agents of the state or state actors* for the purposes of § 1983." <u>Patterson v. Von Riesen</u>, 999 F.2d 1235, 1238 n.2 (8th Cir. 1993) (citing <u>Dodson</u>, supra) (emphasis added). Only where a public defender conspires with other state officials to deprive a defendant of his constitutional rights can he be subjected to suit under § 1983. <u>Tower v. Glover</u>, 467 U.S. 914, 923 (1984). "Allegations that a public defender has conspired with judges or other state officials to deprive a [person] of federally protected rights may state a claim under § 1983. Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds." <u>Manis v. Sterling</u>, 862 F.2d 679, 681 (8th Cir. 1988) (citations omitted).

In the present case, Plaintiff has made no factual allegations whatsoever suggesting that Defendant Gallo participated in any conspiracy that would make him a "state actor" for purposes of a 42 U.S.C. § 1983 claim. Consequently, if this Court was to construe Plaintiff's claim against Defendant Gallo as a 42 U.S.C. § 1983 claim, the Court will still recommend that Defendant Gallo's Motion to Dismiss, [Docket No. 15], be **GRANTED**, and that Plaintiff's claims against Defendant Gallo be **DISMISSED** <u>with</u> **prejudice**.

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 21, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.