UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOE H. BANDY, III,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF CORRECTIONS,<br>JEFF PETERSON, CRAIG OSELAND,<br>and RICK GALLO,<br><br>Defendants. | Civil No. 13-2209 (JRT/LIB)<br><br>**MEMORANDUM OPINION<br>AND ORDER ON OBJECTIONS<br>TO THE REPORT AND<br>RECOMMENDATION AND<br>REPORT OF THE<br>MAGISTRATE JUDGE** |

Joe H. Bandy, III, 1111 Highway 73, Moose Lake, MN 55767, pro se.

Margaret E. Jacot, Assistant Attorney General,, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St. Paul, MN 56101, for defendants Commissioner of Corrections, Peterson, and Oseland.

Thomas S. Madison, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 56101, for defendant Gallo.

Plaintiff Joe Bandy brings this action under 42 U.S.C. § 1983 against several individuals he claims deprived him of his constitutional rights in the course of a proceeding that resulted in a decision to revoke his supervised release after he served a state criminal sentence. One defendant – Richard Gallo, who served as Bandy's public defense counsel during the proceeding – moves to dismiss the claims against him. United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court grant Gallo's motion to dismiss. In his objections to the R&R, Bandy states his intent to remove Gallo as a Defendant in this action so as to avoid

dismissal with prejudice. The Court construes this objection as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1), and, given that no answer or motion for summary judgment has been filed, the Court will dismiss Bandy's claims against Gallo with prejudice. Although not reflective of its merits, the Court will thus reject the R&R and sustain Bandy's objections.

## BACKGROUND

Plaintiff Joe Bandy was convicted in state court of third-degree criminal sexual conduct and deprivation of parental rights and was sentenced to a term of imprisonment. *See In re Commitment of Bandy*, No. A 11–901, 2011 WL 5026399, at *1 (Minn. Ct. App. Oct. 24, 2011). Following his imprisonment he was civilly committed to the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. *See id.* at *3.

### A. Complaint[1]

He filed this complaint on August 5, 2013. (Compl., Aug. 5, 2013, Docket No. 1.) The facts leading up to the incidents underlying Bandy's complaint are not entirely clear, but it appears that, while Bandy was committed at Moose Lake and still on supervised release from his prison term, he was involved in an altercation with another resident at Moose Lake. Due to this altercation, Bandy's supervised release was revoked and he was

---

[1] In this section, the Court repeats much of its summary of Bandy's complaint from its order granting his application to proceed in forma pauperis, *see Bandy v. Comm'r of Correction*, Civ. No. 13-2209, 2014 WL 28792 (D. Minn. Jan. 2, 2014), although the Court focuses its recitation of the complaint here on the allegations regarding Defendant Gallo. More details about the altercation and the factual background of this case can be found in the record in a habeas corpus action filed by Bandy. (*See* Civ. No. 13–204, Compl., Jan. 23, 2013, Docket No. 1.)

sent back to prison for 210 days. He has since apparently returned to Moose Lake. Bandy's claims involve the circumstances surrounding his revocation. He claims that various Moose Lake and state probation and hearing officers violated his civil rights by misrepresenting the facts of his altercation at his revocation hearing, entering incorrect information into the record of his revocation hearing, denying him access to appeal the revocation decision, and providing ineffective assistance in the revocation process. (*See* Compl. ¶¶ 2, 8–10, Aug. 5, 2013, Docket No. 1.) Bandy brings this action against Gallo, a public defense counsel who was assigned to represent Bandy in the revocation proceeding, and Craig Oseland, the hearing officer, Jeffrey Peterson, the state supervisor for revocation hearings, and the Commissioner of Corrections, all in their individual and official capacities.[2]

Bandy seeks declaratory judgment and monetary relief for claims of malicious prosecution (Count I), (*id.* ¶¶ 46–47), discrimination (Count II), (*id.* ¶¶ 48–53), false arrest and imprisonment (Count III), (*id.* ¶¶ 54–56), obstruction of justice and access to the courts (Count IV), (*id.* ¶¶ 57–61), and misrepresentation (Count V), (*id.* ¶¶ 62–66), which he frames as violations of the First, Eighth, and Fourteenth Amendments. As remedy for these alleged injuries, Bandy seeks a declaration that his rights were violated, compensatory and punitive damages, and to be "protected from all other State

---

[2] Bandy's complaint initially included several other defendants – Beth Verdin, Will McDonald, Thane Murphy, and Corry Vargason, but the Court dismissed those defendants without prejudice upon Bandy's motion for voluntary dismissal. (Order, May 16, 2014, Docket No. 62; Mot. to Remove Without Prejudice, Apr. 22, 2014, Docket No. 56.)

Correctional Facilit[ies] by way of monitoring from the designated intervening officer of the court." (*Id.* at 12–13.)

Bandy alleges that defendant Defendant Jeff Peterson, the Executive Officer of Hearings and Release with the Minnesota Department of Corrections, obstructed his access to the courts by misconstruing the deadline for administrative appeal from the hearing determination and by threatening Bandy that if he continued any further correspondence on the matter he would be disciplined. (*Id.* at ¶¶ 43–44.) He alleges that defendant Oseland entered a false and incorrect account of the information presented at the hearing into the disposition and record of the hearing. (*Id.* ¶ 38.) Most relevant here, he alleges that defendant Richard Gallo provided ineffective assistance in the revocation process. (*Id.* ¶ 33.) His allegations against Gallo are as follows:

> Defendant Gallo Rick in his personal and official capacity was negligent in the execution of []his duties as a diligent defender of plaintiff's rights and by him being under oath to abide by the laws and constitution of the State of Minnesota did not inform plaintiff of any appeal[] rights nor did he file any appeal in plaintiff's behalf. This negligence did assist this injurious action to Mr. Joe H. Bandy III and by him not doing [] more than go through the motions did make him equally guilty to this crime.

(*Id.*)  It is not clear which of Bandy's five causes of actions he intends to bring against Gallo.  Bandy lists specific defendants under each cause of action, but does not list Gallo under any particular cause of action. (*See id.* ¶¶ 54-55 (listing specifically defendants Oseland and Peterson under Count III for false arrest and imprisonment under 42 U.S.C. § 1983).)

B.   **Procedural History**

After the Court granted Bandy's application to proceed in forma pauperis, (Order, Jan. 7, 2014, Docket No. 7; *see also Bandy v. Comm'r of Correction*, Civ. No. 13-2209, 2014 WL 28792 (D. Minn. Jan. 2, 2014)), Defendant Gallo moved to dismiss under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim (Mot. to Dismiss, Feb. 24, 2014, Docket No. 15).[3] He argued that the Court lacks jurisdiction over Bandy's official capacity claims against Gallo because of Eleventh Amendment sovereign immunity for state employees and that Bandy's claims against him in his individual capacity must fail because they are barred by immunity granted to public defenders under *Polk County v. Dodson*, 454 U.S. 312 (1981). To the extent Bandy's claim against Gallo could be construed as a negligence claim under state law, Gallo argued that such claims are barred against public defenders under *Dziubak v. Mott*, 503 N.W.2d 771 (Minn. 1993).

The Magistrate Judge issued an R&R recommending that the Court dismiss Bandy's claims against Gallo. (Order and R&R ("R&R"), July 7, 2014, Docket No. 63.)[4] After listing the claims in Bandy's complaint and the individual defendants against whom

---

[3] Defendants Oseland, Peterson, and Commissioner of Corrections answered Bandy's complaint. (Answer, Feb. 26, 2014, Docket No. 24.)

[4] In the same filing as the R&R, the Magistrate Judge also issued an order denying in part and granting in part Bandy's motion to amend his complaint to include, among other things, a claim for abuse of power. (*See* Order and R&R at 7-13.) Bandy does not indicate in his objections to the Magistrate Judge's recommendation to dismiss the claims against Gallo that he also seeks to appeal from this order. Because the time has now passed to appeal from or object to the Magistrate Judge's ruling on his motion to amend, *see* D. Minn. LR 72.2(a)(1) (parties must file objections to nondispositive Magistrate Judge orders within fourteen days), the Court does not review that ruling in this Order.

each was brought – none of which include Defendant Gallo – the Magistrate Judge construed Bandy's claim against Gallo as a claim for negligence under Minnesota state law. (R&R at 6-7 ("Additionally, because Plaintiff is proceeding pro se, this Court must construe his Complaint liberally, and in doing so finds that Plaintiff also has alleged a Minnesota state law claim for negligence against Defendant Gallo, in both his official capacity and his individual capacity." (footnote omitted) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).) The Magistrate Judge then observed that "under Minnesota law, public defenders are immune from malpractice claims brought by their indigent clients" under *Dziubak v. Mott*, 503 N.W.2d 771 (Minn. 1993). (R&R at 14.) After observing that Bandy's "negligence claim against Defendant Gallo is substantially identical to the claim at issue in *Dziubak*," the Magistrate Judge determined that Bandy's claim against Gallo fails as a matter of law and recommended dismissing the claim with prejudice. Bandy timely objected to the R&R. (Objections, Aug. 8, 2014, Docket No. 67.)[5]

## ANALYSIS

**I.  STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district

---

[5] Bandy sought and received an extension for filing his objections, and filed his objections within the extended deadline. (Mot. for Extension of Time, July 24, 2014, Docket No. 64; Order Granting Extension of Time, July 30, 2014, Docket No. 66 (extending deadline for objections to August 8, 2014).)

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## II.   BANDY'S OBJECTIONS

In his objections to the R&R, Bandy does not make any arguments regarding the Magistrate Judge's conclusion that his claim is barred under Minnesota law because public defenders are immune from negligence claims for malpractice.  Instead, Bandy objects to the Magistrate Judge's recommendation that his claim against Gallo be dismissed **with** prejudice.  He explains that he "now approaches the court because he is face[d] with the dilemma of a possible ruling that would remove him from his opportunity for justice, if the court puts his suit against Richard Gallo under a 'with prejudice' ruling."  (Objections at 1.)  He explains that it is his "intention in this report and recommendations to preserve his right to seek justice in the proper forum in regard to defendant Gallo."  (Objections at 2.)  He states that, in seeking as much, he "now motion[s] and remove[s] defendant Gallo from this law suit," further stating that he is "appalled to know that the courts['] answer to my inexperience to how to best hold defendant responsible for being a part of my injury is to rule my suit dismissed with prejudice."  (Objections at 3.)

In his response to the objections, Gallo does not address Bandy's request to dismiss Gallo without prejudice.  Gallo reiterates that the R&R correctly determined that a malpractice negligence claim would be barred by Minnesota law, and reiterates his assertion that Bandy's claim would also be barred as a claim under 42 U.S.C. § 1983 because Bandy has failed to allege "with specificity" that Gallo has conspired with state

officials so as to render him a state actor for the purposes of such claims. (Resp. to Objections at 2, Aug. 19, 2014, Docket No. 68 (citing *Tower v. Glover*, 467 U.S. 914, 923 (1984)).)

Construing Bandy's *pro se* objections liberally, the Court construes Bandy's request in his objection as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a). "Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment." *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996); *see also* Fed. R. Civ. P. 41(a)(1). Alternately, Rule 41(a)(2) permits an action to "be dismissed at the plaintiff's request only by court order." Fed. R. Civ. P. 41(a)(2).

Here, although Gallo has filed a motion to dismiss, he has not filed an answer or a motion for summary judgment, so Bandy's request for dismissal under Rule 41(a)(1) is proper and he does not need the Court's permission to voluntarily dismiss his claims against Gallo without prejudice. *See Williams*, 82 F.3d at 273 (holding dismissal without prejudice under Rule 41(a)(1) was proper where "no answer or summary judgment motion had been filed prior to the notice of voluntary dismissal"). But even if the Court's permission were required as per Rule 41(a)(2), the Court would grant Bandy's request to voluntarily dismiss his claims against Gallo without prejudice in this case.

When considering whether to grant voluntary dismissal under Rule 41(a)(2), the Eighth Circuit has instructed district courts to consider the following factors: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and

lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). The first and fourth of these factors are not present in this case – the case is at the pleading stage and no motion for summary judgment has been filed. The second factor may arguably be present, given that Gallo previously moved for voluntary dismissal of other defendants in the case but not Gallo, and did not seek this dismissal until after the Magistrate Judge expended time issuing an R&R on the merits of Bandy's claim. However, given that Bandy is *pro se*, and did not, until the R&R, appear to fully appreciate the flaws in his current allegations against Gallo, the Court concludes that any delay on Bandy's part in seeking voluntary dismissal should not bar his request. Finally, the Court finds that Bandy has adequately explained the need for dismissal – he cites his "inexperience" as "to how to best hold defendant responsible" and explains that he seeks "to preserve his right to seek justice in the proper forum in regard to defendant Gallo." (Objections at 2-3.) Although it is not entirely clear whether or how Bandy could seek to hold Gallo liable for his alleged conduct in other forums, the Court cannot be certain at this time that no other forum or claims could entitle Bandy to some form of relief.

Finally, Gallo has made no argument that permitting Bandy to voluntarily dismiss the claims against him would prejudice him, and the Court concludes that it would not.[6]

---

[6] For example, Gallo has not made a statute of limitations defense, *see Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993) ("We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary

(Footnote continued on next page.)

Because it finds that such dismissal would not prejudice Gallo and that the four factors from *Paulucci* do not counsel against doing so, the Court concludes that it would exercise its "broad discretion," *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993), to dismiss Bandy's claims against Gallo without prejudice under Rule 41(a)(2) even if Bandy were not entitled to dismissal under Rule 41(a)(1).[7]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** Plaintiff's objections [Docket No. 67] and **REJECTS** the Report and Recommendation of the Magistrate Judge [Docket No. 63]. **IT IS HEREBY ORDERED** that:

1. All claims against Defendant Gallo are **DISMISSED without prejudice**.[8]

2. Defendant Gallo's Motion to Dismiss [Docket No. 15] is **DENIED as moot**.

DATED: September 29, 2014           s/ John R. Tunheim
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                  United States District Judge

_____
(Footnote continued.)
dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.").

[7] Bandy also takes issue with the R&R's statement that "Plaintiff asserts that he was set upon by another MSOP patient, and that he fought in self-defense," arguing that "[t]his is not a proper statement it is not clear where it came from," and that it appears to have been a typo that Bandy seeks to have corrected. (Objections at 1-2.) To the extent this statement forms the basis of the R&R, the Court, for the reasons explained above, does not adopt the R&R.

[8] For the purposes of this dismissal, the Court adopts the R&R's construction of Bandy's claim against Gallo as a negligence claim under Minnesota law.